No. 14238

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

PATRICK O'NEILL,

Plaintiff and Appellant,

-vs-

RALPH FERRARO, NIGEL JONES,
JOHN R. LAVAN and BLAIR CULTER,

Defendants and Respondents.

Appeal from:  District Court of the Eighteenth Judicial
              District,
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Heath, Kirwan and Duckworth, Bozeman, Montana
        Peter Kirwan argued, Bozeman, Montana

    For Respondents:

        Drysdale, McLean & Screnar, Bozeman, Montana
        James McLean argued, Bozeman, Montana

    For Amicus Curiae:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Charles Erdmann appeared, Assistant Attorney General,
        Helena, Montana

                            Submitted:  December 18, 1978

                              Decided:  FEB 2  1979

Filed:  FEB 2  1979

_Thomas J. Kearney_
                            Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant O'Neill appeals from a declaratory judgment dated February 7, 1978, entered by the District Court of the Eighteenth Judicial District, Gallatin County. Appellant brought the action to determine the meaning and validity of a restrictive covenant in the respondents' lease. The District Court sitting without a jury found the covenant prevented appellant from operating a Mexican food restaurant on the same premises where respondents operated their restaurant. The court also found the covenant to be valid.

Respondents have been operating a restaurant, the Overland Express since 1973 in a portion of the first floor of the Bozeman Hotel, Bozeman, Montana. This operation was pursuant to a lease between respondents as tenants and the owner of the hotel as landlord dated February 13, 1973. The Bozeman Hotel no longer functions as a hotel, rather it now contains a collection of stores and shops.

Paragraph 24 of the lease between respondent and the landlord-owner provides:

> "The Landlord will not permit a competing full restaurant service to be maintained at the Bozeman Hotel, without the express consent of Tenant, but it is agreed Landlord may maintain a breakfast-lunch type of food service at the hotel, which service may be supplied up to 24 hours per day, and it is agreed that Landlord may provide limited or irregular food service, either by itself or catered, to the downstairs facility, now known as 'The Underground'."

Appellant sublet from Dark Horse, Inc., a portion of the basement of the Bozeman Hotel for use as a Mexican food restaurant known as Rose's Cantina. Dark Horse, Inc., leases the basement of the Bozeman Hotel known as The Underground from the landlord.

-2-

The lease between Dark Horse, Inc. and the landlord noted that Dark Horse, Inc. intended to operate a Mexican food restaurant on the premises, and noted that respondents had indicated such an operation would violate its lease with the landlord. The lease between Dark Horse, Inc. and the landlord provided that no food service may be conducted by the tenant without the written consent of respondents.

The sublease between appellant and Dark Horse recited the above provisions of the lease between Dark Horse and landlord and the pertinent provisions of the lease between respondents and landlord. The lease then indicated Rose's Cantina could operate a Mexican food service between the hours of 11:00 a.m. and 3:00 p.m. so long as respondents' restaurant was not open to the public during the same hours. In the event appellant wished to operate at other times, it had to obtain written consent from respondents or seek a declaratory judgment pursuant to the landlord-Dark Horse, Inc. lease.

Appellant filed his complaint for a declaratory judgment and a trial without a jury was held. Testimony at the trial produced the following relevant facts. Both establishments have or would have a nice, casual decor and patrons of each are or would be served at tables by waitresses or waiters. The food in each establishment is or would be prepared out of sight of the customers. The two establishments would share the same parking facilities at the Bozeman Hotel. Appellant's business would be open from 11:00 a.m. to 11:00 p.m. Monday through Saturday. Respondents' restaurant is open from either 5:00 or 5:30 p.m. until 10:00 or 11:30 p.m. every day of the week. The menus and price range of the menu items are different for each establishment. Appellant would serve only Mexican food items and the most expensive item would cost about $4.00.

-3-

Respondents serve steak and seafood, none of which appears on appellant's proposed menu, and which range in price from $5.00 to $13.95; respondents testified the average diner would spend $6.50 in the Overland Express excluding bar items. The landlord testified his impression of the drafting of paragraph 24 was to prevent another restaurant similar to the Overland Express from opening in the Bozeman Hotel. Respondent testified upon cross-examination his intent in negotiating the lease and the particular paragraph in question was to prevent competition with him in the Bozeman Hotel.

The District Court upon conclusion of the trial found:

"That the object of paragraph 24 between the [respondents] and [the landlord] was to prevent [the landlord] from permitting a restaurant service at the Bozeman Hotel of the same type as provided by [respondents] at the Overland Express, and to limit competition in such a restaurant service, but [the landlord] was to be allowed to operate a breakfast-lunch food service and the limited or irregular food service which it was providing in the downstairs facility, that is, Sunday buffets and irregular banquets."

The validity of the covenant itself was raised by the appellant in his trial brief and appellate brief. The District Court in a memorandum supporting its findings and conclusions upheld the validity of the covenant.

Two issues are presented to this Court on appeal. First, whether the restrictive covenant contained in paragraph 24 of respondents' lease is valid. Second, if the covenant is valid, whether it is applicable to the restaurant appellant seeks to open in the Bozeman Hotel. We conclude, for the reasons set forth below, the District Court was correct in holding the covenant valid and in holding appellant's restaurant was barred by that covenant.

Appellant has argued the covenant contained in paragraph 24 of the lease is a violation of section 13-807, R.C.M. 1947,

now section 28-2-703 MCA which declares void those contracts restraining anyone from "exercising a lawful profession, trade, or business of any kind," subject to certain exceptions not relevant here. However, the general rule appears otherwise. The Supreme Court of Oklahoma when faced with a lease agreement limiting competition as to one particular tenant and with the argument the agreement violated a statute identical to section 28-2-703, held the lease valid and stated:

> "'The modern trend of authorities . . . is
> to construe such statutes . . . and contracts
> between individuals intended to promote
> rather than restrict a particular business,
> "In the light of reason and common sense,"
> so as to uphold reasonable limited restrictions.
> [It is a] general rule that courts will not
> hold to be a restraint of trade a contract
> between individuals, the main purpose and
> effect of which are to promote and increase
> business in the line affected merely because
> its operations might possibly in some theoretical
> way incidentally and indirectly restrict trade
> in such line.'" Utica Square, Inc. v. Renberg's
> Inc. (Okla. 1964), 390 P.2d 876, 881 (quoting
> from Keating v. Preston (1940), 42 Cal.App.2d
> 110, 108 P.2d 479, 486.)

Ruling a similar lease to be valid, Texas has said "[c]ourts are generally agreed that [the] lessor of land may, by a reasonably limited restrictive covenant, agree not to use, or allow his property to be used by others, in a way which would result in competition with his . . . lessee . . ." Karam v. H. E. Butt Grocery Company (Tex. 1975), 527 S.W.2d 481, 484. For other jurisdictions supporting this rule see Annot. 97 A.L.R.2d 4.

The above authorities indicate a reasonable and limited covenant restraining trade will be considered valid. Three things are essential to such a covenant:

> "(1) it must be partial or restricted in its
> operation in respect either to time or place;
> (2) it must be on some good consideration;
> and (3) it must be reasonable, that is it
> should only afford a fair protection to the

interests of the party in whose favor it
is made, and must not be so large in its
operation as to interfere with the interests
of the public."  Eldridge v. Johnston (1952),
195 Or. 379, 245 P.2d 239, 250.

The covenant in the present case satisfies these requirements.
It is limited to the Bozeman Hotel; the consideration is
apparently good as no question to it has been raised; and the
covenant is not so large in operation as to affect the
interests of the public in any way other than to limit the
type of restaurant facility in the Bozeman Hotel.  Because
such covenants are as a general rule valid, and because this
covenant is limited and reasonable, we affirm the decision
of the District Court upholding its validity.

The second issue we are asked to consider is whether
this covenant, if valid, is applicable to the restaurant
appellant seeks to open in the Bozeman Hotel.  Appellant has
argued his proposed restaurant does not fit the definition
provided in paragraph 24 prohibiting a "competing full
restaurant service".  Courts have generally recognized the
term "restaurant" is frequently used indiscriminately for all
places where food and refreshments can be had.  Richards v.
Washington Fire and Marine Ins. Co. (1886), 60 Mich. 420, 27
N.W. 286; Wheelmakers, Inc. v. City of Flint (1973), 47 Mich.
App. 434, 209 N.W.2d 444; Annot. 122 A.L.R. 1399.  The phrase,
"competing full restaurant service", is ambiguous and we are
mindful of the deference given to the trial court's findings
and conclusions because it listened to and viewed witness
testimony as to what was intended by a particular statement.
Rule 52(a), Mont.R.Civ.P.

Upon conflicting testimony concerning the scope of the
phrase, the District Court found and concluded the intent of
paragraph 24 of the lease was to prevent the landlord from
permitting a food service which would compete with respondents

-6-

on a full-time basis. The District Court found and concluded appellant's contemplated restaurant service would be contrary to and in violation of paragraph 24 of the lease. A review of the record does not warrant disturbing these findings and conclusions and we therefore affirm the District Court on this issue.

Arguments have been made in this appeal by the State of Montana as amicus curiae that the covenant in paragraph 24 is illegal for anti-trust reasons. Our affirmance of the District Court in this decision should not be construed as a rejection of those arguments in any context but the one presented by this appeal. In a factual situation more similar to the situations of the case authorities discussed by amicus the arguments relating to anti-trust would be more persuasive.

Judgment affirmed.

_John C. Sheehy_
Justice

We Concur:

_Frank S. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_
Justices