No. 03-536

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 36

JACK BARR,

        Plaintiff and Appellant,

   v.

GREAT FALLS INTERNATIONAL AIRPORT
AUTHORITY, CITY OF GREAT FALLS
DEPARTMENT OF POLICE and STATE OF
MONTANA DEPARTMENT OF JUSTICE,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
                  In and for the County of Cascade, Cause No. CDV 2000-215,
                  The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Robert L. Stephens, Jr., Southside Law Center, Billings, Montana

        For Respondent Great Falls International Airport Authority:

                Ward E. Taleff, Alexander, Baucus, Taleff, Paul & Young, PLLC, Great
                Falls, Montana

        For Respondent City of Great Falls Department of Police:

                Kevin C. Meek, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls,
                Montana

        For Respondent State of Montana Department of Justice:

                 Robert F. James, Mark D. Meyer, Ugrin, Alexander, Zadick & Higgins, P.C.,
                Great Falls, Montana

                                      Submitted on Briefs: April 7, 2004
                                        Decided: February 22, 2005

Filed:

                      _____
                                Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Jack Barr (Barr) appeals from an order of the Eighth Judicial District Court, Cascade County, granting Defendant Great Falls International Airport Authority (Airport), Defendant City of Great Falls Department of Police (GFPD), and Defendant State of Montana Department of Justice (State) summary judgment.  We affirm.

¶2     We address the following issues on appeal:

¶3     1.  Did the District Court err when it concluded a record of Barr's 1968 arrest was not confidential criminal justice information and thus Barr had no reasonable expectation of privacy in such information?

¶4     2.  Did the District Court err in finding there was no violation of 42 U.S.C. §§ 1983 or 1985(3) in connection with Barr's privacy claims?

¶5     3.  Did the District Court err in concluding the Defendants were not negligent *per se*?

¶6     4.  Did the District Court err in concluding there was no duty as a matter of law owed to Barr and therefore his negligence claim failed?

¶7     5.  Did the District Court err in concluding Barr's only remedy was under the Montana Wrongful Discharge from Employment Act?

BACKGROUND

¶8     In the Fall of 1998, Barr applied for a part-time security officer position with the Airport.  During his interview for the position, Barr consented to a criminal background check.

¶9     The Airport participates in the Criminal Justice Information Network (CJIN), but must submit any criminal background request through an agency with computer terminal access

to the CJIN database, which is a computer controlled telecommunications network that interfaces with computerized databases maintained by various law enforcement agencies throughout the nation. The National Crime Information Center (NCIC) is a computerized information system which links local, state, and federal criminal justice agencies for the purpose of exchanging information, including criminal history repositories of the states and FBI. GFPD is a terminal agency with access to the CJIN system; it has the capability to perform criminal background checks.

¶10     On September 14, 1998, Bruce Sanford, an Airport security officer, contacted GFPD and requested a criminal background check on Barr for the preceding ten years. The background check did not reveal any arrests. Barr was hired as a part-time probationary security officer for the Airport on October 2, 1998.

¶11     On November 7, 1998, John Vanni (Vanni), an Airport security officer contacted GFPD employee Gina Vincent and, without permission from the Airport, requested a criminal background check on Barr. The result of this request revealed Barr had been arrested in Alaska in 1968 for criminal non support. Vanni reported this arrest to Cynthia Schultz, the Airport Manager, who told Vanni it was not his concern.

¶12     Barr was terminated from his employment at the Airport on March 18, 1999, prior to the expiration of the six-month probationary period. Barr filed this lawsuit on March 3, 2000, alleging a violation of his right to privacy, negligence *per se*, negligence, and violations of his civil rights. All three Defendants filed motions for summary judgment. Their motions were granted on July 2, 2003. Barr now appeals from the District Court's grant of these motions.

## STANDARD OF REVIEW

¶13 This Court reviews a district court's grant of summary judgment *de novo*, applying the same evaluation under Rule 56, M.R.Civ.P., as the district court. *Motta v. Philipsburg Sch. Bd. Trs.*, 2004 MT 256, ¶ 11, 323 Mont. 72, ¶ 11, 98 P.3d 673, ¶ 11 (citation omitted). The party moving for summary judgment has the initial burden of proving there are no genuine issues of material fact that would permit a non-moving party to succeed on the merits of the case, and if the moving party meets that burden, then the non-moving party must provide substantial evidence that raises a genuine issue of material fact in order to avoid summary judgment in favor of the moving party. Once it is established no genuine issues of material fact exist, the district court must then determine whether the moving party is entitled to judgment as a matter of law, and this Court reviews that determination to determine whether the district court erred. *Motta*, ¶ 11. Summary judgment is an extreme remedy which should not be substituted for a trial if a material factual controversy exists. *Mathews v. BJS Constr., Inc.*, 2003 MT 116, ¶ 13, 315 Mont. 441, ¶ 13, 68 P.3d 865, ¶ 13 (citing *Montana Metal Bldgs. v. Shapiro* (1997), 283 Mont. 471, 474, 942 P.2d 694, 696).

## DISCUSSION

### ISSUE ONE

¶14 **Did the District Court err when it concluded a record of Barr's 1968 arrest was not confidential criminal justice information and thus Barr had no reasonable expectation of privacy in such information?**

¶15 Barr argues the unauthorized disclosure of criminal justice information by the State, and its use and dissemination by Vanni, was a violation of his right to privacy under Article

4

II, § 10 of the Montana Constitution as well as a violation of the Montana Criminal Justice Information Act of 1979 (MCJIA), specifically § 44-5-503, MCA, § 44-5-504, MCA, and § 44-5-302, MCA. He also claims such was a violation of the 1974 National Crime Prevention Policy Compact (the Privacy Act), codified at 5 U.S.C. § 552(a) and § 44-5-601, MCA, et seq. Barr, in essence, claims the Defendants failed to meet state and federal constitutional and statutory standards imposed for the protection of his privacy.

¶16   The Defendants argue Barr's 1968 Alaska arrest was not confidential criminal justice information; rather, it was public information that anyone could access. They assert that Barr's right to privacy was not violated by any dissemination of this information. The State claims that, contrary to Barr's assertions, the civil remedy provisions of the Privacy Act do not provide a private cause of action against a state agency.

¶17   The Montana Legislature has defined confidential criminal justice information as: criminal investigative information, criminal intelligence information, fingerprints and photographs, criminal justice information or records made confidential by law, and any other criminal justice information not clearly defined as public criminal justice information. Section 44-5-103(3), MCA. Pursuant to § 44-5-103(13)(e)(ii), MCA, public criminal justice information includes Barr's initial arrest record at issue. Thus, under MCJIA, specifically § 44-5-103(13)(e)(ii), MCA, Barr's Alaska arrest was clearly public information.

¶18   Aside from the MCJIA, this Court has adopted a two-part test to determine whether Barr has a constitutionally protected privacy interest in this information: 1) whether the person involved had a subjective or actual expectation of privacy, and 2) whether society is willing to recognize that expectation as reasonable. *Jefferson County v. Mont. Std.*, 2003 MT

5

304, ¶ 15, 318 Mont. 173, ¶ 15, 79 P.3d 805, ¶ 15.

¶19 In this instance, Barr had no subjective or actual expectation of privacy in his initial arrest record; it constitutes public information that anyone could access. He admitted in his deposition that his arrest record was public information. Although it may be difficult to access the arrest record–it is still public information. Thus, the District Court did not err when it concluded Barr's 1968 Alaska arrest was public information and that there was no breach of the MCJIA.

¶20 Under the particular circumstances of this case, where Barr knew that the record of his long past arrest was public information and he also consented to a criminal background check, he had no actual or subjective expectation of privacy. Further, in this case, Barr was a security officer entrusted with helping to ensure the safety of the traveling public, and the record in question is specifically designated as public information by statute. Thus, under these facts, we conclude the public is not willing to recognize Barr's claimed expectation of privacy as reasonable.

¶21 As the State points out, the civil remedy provision of the federally enacted Privacy Act only applies to actions against a federal agency. *See Dittman v. California* (9th Cir. 1999), 191 F.3d 1020, 1026 (holding the Privacy Act applies only to federal agencies and that state agencies are immune from liability under the Act). There are no federal agencies named as defendants in this lawsuit. Accordingly, the District Court was correct when it granted the Defendants' motions for summary judgment and held Barr's claim under the Privacy Act of 1974, 5 U.S.C. § 552(a), failed as a matter of law.

ISSUE TWO

6

**¶22 Did the District Court err in finding there was no violation of 42 U.S.C. §§ 1983 or 1985(3) in connection with Barr's privacy claims?**

¶23 Barr asserts the Airport's conduct, in not hiring him as a permanent employee, violated his civil rights under 42 U.S.C. § 1983, and resulted in a conspiracy denying him immunities and privileges under the law, contrary to 42 U.S.C. § 1985(3).

¶24 In regard to this civil rights claim, the Airport argues that municipalities are not liable, pursuant to 42 U.S.C. §§ 1983 and 1985(3), for the constitutional torts of their employees under the theory of *respondeat superior*.

¶25 GFPD makes a similar argument, stating that in order for a municipality to be liable under these statutes there must be a policy or custom of the government entity itself which inflicts the injury complained of by the Plaintiff. GFPD argues Barr cannot show this.

¶26 The State argues Barr's claims under 42 U.S.C. §§ 1983 and 1985(3) fail as a matter of law because the Department of Justice is not a "person" within the meaning of § 1983 and § 1985(3) and therefore this statute has no applicability.

¶27 Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

¶28 Barr's claimed civil rights violations stem from an invasion of his privacy, which we have already determined did not occur. Thus, he cannot establish a § 1983 violation of his right to privacy.

¶29    Barr also claims damages for violations of his right to free speech. He cannot recover under this alleged claim. As with his inability to establish a violation of his constitutional right to privacy, he cannot recover from the State because the United States Supreme Court has held states are not "persons" in the context of § 1983. *See Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58. The Department of Justice, as an entity within the executive branch of government in the State of Montana, see § 2-15-102(4), MCA, and § 2-15-2001, MCA, is a governmental entity which is considered an "arm of the state" and not a "person" for § 1983 and § 1985 purposes. *See Orozco v. Day* (1997), 281 Mont. 341, 357, 934 P.2d 1009, 1012 (citing *Will*, 491 U.S. at 70).

¶30    Likewise, Barr did not offer proof of a policy or custom utilized by the Defendants which resulted in a violation of his civil rights. Under *Monell v. Dept. of Soc. Servs.* (1978), 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611, 636, municipalities such as the Airport and GFPD cannot be held liable unless action pursuant to official municipal policy of some nature caused the constitutional tort. *Monell*, 436 U.S. at 691. Bar offered no proof of a custom or policy of refusing to hire probationary employees who complained that their privacy rights had been violated. Accordingly, Barr has no valid claim under 42 U.S.C. §§ 1983 and 1985(3) against any of the Defendants.

¶31    The District Court did not err when it granted the Defendants' motions for summary judgment and held Barr's civil rights claims, under 42 U.S.C. §§ 1983 and 1985(3), failed as a matter of law.

ISSUE THREE

8

¶32 **Did the District Court err in concluding the Defendants were not negligent *per se*?**

¶33 Barr argues the Defendants violated NCIC regulations by improperly disseminating criminal history record information and that this constitutes negligence *per se* under Montana law.

¶34 The Defendants argue that Barr cannot establish negligence *per se* because he failed to prove a predicate statutory violation as required by Montana law.

¶35 The doctrine of negligence *per se*, or negligence as a matter of law, provides that the violation of a statute renders one negligent under the law. To establish negligence *per se*, a plaintiff must prove that (1) the defendant violated the particular statute; (2) the statute was enacted to protect a specific class of persons; (3) the plaintiff is a member of that class; (4) the plaintiff's injury is of the sort the statute was enacted to prevent; and (5) the statute was intended to regulate members of defendant's class. *Massee v. Thompson*, 2004 MT 121, ¶ 30, 321 Mont. 210, ¶ 30, 90 P.3d 394, ¶ 30 (citation omitted).

¶36 We have already determined that there was no violation of law pertaining to confidential criminal justice information. As Vanni was an Airport security officer, authorized to request the information provided, there was no violation of NCIC regulations. Thus, there is no predicate statutory violation on which to base a negligence *per se* claim. Accordingly, summary judgment in favor of the Defendants was proper on Barr's negligence *per se* claim.

ISSUE FOUR

¶37 **Did the District Court err in concluding there was no duty as a matter of law owed to Barr and therefore his negligence claim failed?**

9

¶38 Barr argues the Defendants were negligent in failing to enforce restrictions on the dissemination of criminal justice history information, and were negligent in allowing unauthorized persons to make requests for confidential criminal justice information.

¶39 The Airport asserts it owed no duty to Barr because Vanni was acting outside the course and scope of his employment when he requested the background check on Barr.

¶40 The State and GFPD argue Vanni's request, although undertaken without permission by the Airport, was made through fully authorized channels. That being so, they assert they owed no duty to Barr not to provide the requested information. Relying on § 44-5-305, MCA, the State and GFPD assert further, that even assuming a duty existed, Barr cannot prove the element of causation.

¶41 Negligence is the failure to use the degree of care that an ordinarily prudent person would have used under the same circumstance. The four elements of a common law negligence claim are duty, a breach of that duty, causation and damages. Each of these elements must exist for a negligence claim to proceed. *Massee*, ¶ 30. Where a plaintiff fails to offer proof of any one of the elements of negligence, summary judgment in favor of the defendant is proper. *Singleton v. L.P. Anderson Supply Co.* (1997), 284 Mont. 40, 44, 943 P.2d 968, 970.

¶42 Since we have determined Barr's 1968 Alaska arrest was public information, and its dissemination was not improper, there was no duty owed to prohibit dissemination of the fact Barr had been arrested in 1968. Thus, the District Court did not err in granting the Defendants' motions for summary judgment on this issue.

ISSUE FIVE

10

¶43 **Did the District Court err in concluding Barr's only remedy was under the Montana Wrongful Discharge from Employment Act?**

¶44 While Barr did not specifically claim he was wrongfully discharged in violation of the Montana Wrongful Discharge from Employment Act, § 39-2-901, MCA, et seq. (MWDEA), he claimed lost wages and the inability to obtain employment, based on allegations the Airport wrongfully refused to retain him as a permanent employee. The District Court considered the intent of Barr's Complaint to be one of wrongful discharge and held that such a claim, even if properly pled, was barred based on Barr's probationary status and the failure to prove any facts substantiating an improper motive or purpose in his termination. The District Court also pointed to the MWDEA's exclusivity provision, codified at § 39-2-913, MCA, and held it was an additional basis upon which to dismiss Barr's claim.

¶45 Barr asserts that despite his probationary employee status, he can recover from the Airport because his termination was based on impermissible reasons. Specifically, Barr believes his termination was a retaliatory discharge based upon his objections to the invasion of his privacy rights. Barr claims the MWDEA is not an exclusive remedy in his case because it does not specifically address the type of constitutional violation he believes was the reason the Airport did not permanently hire him.

¶46 While Barr appeals the conclusion of the District Court that his exclusive remedy is under the MWDEA, he has at no time made a claim for relief under such act. We have concluded that the District Court was correct in granting summary judgment against Barr on all of the claims he did make. Thus, no controversy is presented concerning the MWDEA

11

and we need not discuss this issue further.

¶47    The judgment of the District Court is affirmed.


                                        /S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART