

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | No. 14-35244 |
| Plaintiff-Appellee, | D.C. No. 9:11-cv-00101-DWM |
| v. | MEMORANDUM[*] |
| STEVE WAYNE CAMP, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 15, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Steve Wayne Camp ("Camp") appeals a civil judgment against him arising

from his violation of a non-compete agreement with American National Property

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and Casualty Co. ("American National"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts and procedural history of the case, so we do not repeat them here except as necessary to explain our decision. In this appeal, the second in this case, Camp challenges 1) the district court's final judgment against him on American National's claim that he violated the parties' non-compete agreement, and 2) the district court's grant of summary judgment against him on his six counterclaims arising from the same dispute.

In the prior appeal, Camp challenged a permanent injunction against him, issued after a trial in which the jury found that he had violated his non-compete agreement with American National. The district court determined that the non-compete agreement met the requirements for enforceability under Montana law: The jury found that American National had a legitimate business interest in preventing competition from Camp as required under *Wrigg v. Junkermier, Clark, Campanella, Stevens, P.C.*, 265 P.3d 646, 650 (Mont. 2011), and the court concluded as a matter of law that the terms of the agreement were reasonable as required by *O'Neill v. Ferraro*, 596 P.2d 197, 199 (Mont. 1979). In light of the determination that the non-compete agreement was enforceable, the district court issued a permanent injunction against Camp. On appeal, a three-judge panel of

2

this Court dismissed as moot Camp's challenges to the first two paragraphs of the injunction, which prohibited Camp from soliciting or accepting business from his former clients. The panel upheld the third and final paragraph of the injunction, prohibiting Camp from using American National's proprietary information and trade secrets. *Am. Nat'l Prop. & Cas. Co. v. Camp*, 542 F. App'x 559, 560 (9th Cir. 2013).

Camp now reiterates the arguments he made in the first appeal, contending that the non-compete agreement is unenforceable because its terms are unreasonable and that American National does not have a legitimate business interest in protecting itself from competition under these terms. However, a panel of this Court has already addressed these challenges. "Under the law of the case doctrine, 'one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case.'" *Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997) (quoting *Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir. 1979)). This doctrine applies equally whether the relevant issue was "decided explicitly or by necessary implication in the previous disposition." *Id.* (quoting *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990)) (internal alterations omitted).

Here, by upholding the non-expired portion of the injunction in the first appeal, the prior panel decided "by necessary implication" that the non-compete agreement — on which the injunction was based — was enforceable. There would have been no way for the panel to reach this decision and uphold any portion of the injunction without concluding that the agreement was valid. Accordingly, we decline to re-consider Camp's challenges to the enforceability of the non-compete agreement.

Although Camp ostensibly appealed the order granting summary judgment against him on his counterclaims, Camp's briefing did not address this order or present any arguments relating to the counterclaims. We generally construe the pleadings and briefs of pro se litigants leniently, *Ward v. Ryan*, 623 F.3d 807, 810 & n.4 (9th Cir. 2010), but even a pro se litigant waives an issue by failing to address it at all in his or her briefing, *Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) ("By failing to make this argument in its opening brief, [the appellant] waived its objection to the district court's grant of summary judgment . . . ."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Here, where Camp failed to contest or even mention the district court's

grant of summary judgment on his counterclaims, any objection to that decision has been waived.

For these reasons, we affirm the district court's grant of summary judgment in favor of American National on each of Camp's counterclaims, and we affirm the final judgment against Camp on American National's claim for breach of the non-compete agreement.

**AFFIRMED.**