No.  91-059

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

TERRY DUMONT,

     Plaintiff and Respondent,

v.

DARRELL D. TUCKER,

     Defendant and Appellant.

FILED

NOV 14 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Robert L. Johnson, Lewistown, Montana

     For Respondent:

     Torger S. Oaas, Lewistown, Montana


Submitted on Briefs:  August 1, 1991

Decided:  November 14, 1991

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Terry Dumont sued Darrell D. Tucker in the Tenth Judicial District Court in Fergus County to enforce an installment sales contract. Tucker counterclaimed for breach of a non-competition covenant contained in the contract. The District Court granted Dumont's motion for summary judgment, dismissing Tucker's counterclaim. After a bench trial, the court entered judgment in favor of Dumont, awarding damages, costs, and attorney's fees in the amount of $31,550.34. Tucker appeals. We affirm.

The issue on appeal is whether the District Court's ruling that the non-competition covenant was overly broad entitled Tucker to a total or partial refund of the price he originally paid for it.

In a contract dated June 23, 1986, Dumont agreed to sell and Tucker agreed to buy a public accounting practice in Lewistown. The parties agreed upon a total purchase price of $60,000. Tucker agreed to pay this amount by assuming two Small Business Association loans totalling $38,500 and then executing a promissory note for the remaining balance. Under the terms of the promissory note, Tucker agreed to make monthly payments beginning in February 1987.

The sale contract also contained the following non-competition covenant:

2

## COVENANT NOT TO COMPETE

> The Seller hereby covenants and agrees that for a period of five (5) years from the date of this agreement, he will not engage in the profession of accountancy either on his own behalf or as a partner or employee of any business entity at any place within one hundred (100) miles of Lewistown in any direction.

The attorney who drafted the contract worked from a written purchase offer submitted by Tucker. This written offer specifically included a 100-mile non-competition covenant. The contract allocated $35,000 of the $60,000 purchase price to this non-competition covenant.

By late 1987 or early 1988, Tucker began to hear rumors that Dumont was not strictly complying with the non-competition covenant. After selling the business, Dumont went to work for a public accounting firm in Palm Springs, California. Tucker learned that Dumont had been in Lewistown from time to time, that he had been in contact with some of his former clients who still lived in Lewistown, and that he had actually prepared tax returns for them through the mail. Then Tucker discovered that Dumont had moved to Billings and taken a job as a seasonal tax preparer with a public accounting firm there.

Tucker ceased making monthly payments on March 10, 1988. By then the remaining balance was $17,662.12. On May 5, 1988, Tucker wrote Dumont a letter explaining that he considered the non-competition covenant "totally worthless" as a result of the Lewistown tax returns Dumont prepared in California. Dumont

3

responded on August 2, 1988, by accelerating the remaining balance due on Tucker's promissory note. This lawsuit followed.

Early in the litigation, Tucker counterclaimed for damages allegedly arising from Dumont's breach of the non-competition covenant. Dumont moved for summary judgment on the counterclaim on the basis that § 28-3-704, MCA, limits non-competition covenants to the county of sale and the contiguous counties. Yellowstone County, the county in which Tucker alleged the competition occurred, is not contiguous to Fergus County. On May 17, 1990, the District Court granted Dumont's summary judgment motion, holding that the non-competition covenant was void as to Yellowstone County.

Tucker then moved for summary judgment on the basis that the invalidity of the covenant in Yellowstone County relieved him of any obligation to pay for it. The District Court denied Tucker's motion.

By addendum to the pretrial order, Tucker advised Dumont and the District Court that he was now seeking an adjustment of the purchase price based on the invalidity of the covenant in Yellowstone County. Evidence submitted at trial, however, showed that the parties had not agreed upon what would happen if the non-competition covenant was partially invalidated. The court found that Tucker had breached the sale contract, and refused to refund any of the purchase price based on the partial invalidity of the non-competition covenant.

4

Did the District Court err in refusing to refund any part of the $60,000 purchase price to Tucker based on the partial invalidity of the non-competition covenant in Yellowstone County?

Tucker argues that he is entitled to an adjustment of the contract purchase price because part of the consideration for that purchase price failed when the District Court found the non-competition covenant to be void in Yellowstone County. In support of this contention, Tucker cites § 28-2-604, MCA, which provides:

> Where a contract has several distinct objects of which one at least is lawful and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest.

Essentially, Tucker argues that this statute precludes partial invalidity rulings like the one at issue in this case, and that therefore, the non-competition covenant must be entirely void if it is void in Yellowstone County. Thus, he seeks a refund of the entire $35,000 he paid for the covenant.

We disagree. In *Treasure Chemical, Inc. v. Team Laboratory Chemical Corp.* (1980), 187 Mont. 200, 609 P.2d 285, we affirmed a decision of the District Court that limited the reach of a non-competition covenant without voiding it entirely. Under this "blue pencil approach" the District Court in the instant case acted correctly in limiting the non-competition covenant to the contiguous counties as required by § 28-2-704, MCA. The court's action did not void the covenant entirely and we reject Tucker's attempted misapplication of

5

§ 28-2-604, MCA, to arrive at that result. Thus, his claim for a refund of the entire $35,000 price of the covenant is unfounded.

We find no additional merit in his claim for a partial refund. On appeal, he argues that the whole point of the covenant was to prevent Dumont from competing with him in Billings, Great Falls, and Havre. We note that the covenant itself does not so provide. The covenant merely forbids competition within 100 miles of Lewistown in any direction.

We find that even if § 28-2-704, MCA, did not confine the operation of the covenant to the contiguous counties, it still would not apply to Dumont's accounting activity in Billings. In this regard, the District Court said:

> Initially, the Court finds an ambiguity in the original covenant not to compete because it is unclear whether the area of protection afforded by the covenant is to be measured by air miles or highway miles.
> Helping resolve this ambiguity is the following passage from 54 Am. Jur. 2nd Monopolies Etc. Sec. 521, which reads:
>> "Contracts not to compete are by their nature in restraint of trade and are not favorably regarded by the courts. In interpreting or construing contracts which impose restrictions on the right of a party to engage in a business or occupation, the court is governed by a strict rule of construction. The agreement will not be extended by implication, and it will be construed in favor of rather than against the interest of the covenantor."
> This policy is statutory law in Montana, Sec. 28-2-703, MCA.
> The Court finds that the distance stated in the original covenant not to compete is the distance by the most common mode of travel by automobile over the public highways by the shortest practicable route.
> Though air travel is not uncommon, it is not the most usual mode of travel by the accountancy client. The

use by the drafter of the original covenant of the phrase "100 miles in any direction" in light of all the evidence, without any limitation on this phrase as it pertains to the most common method of travel to Billings, is more indicative of an intent of the parties to _exclude_, rather than _include_, Billings in the area protected by the covenant.

Defendant's Exhibit D, the map of Montana, shows that the closest distance by highway for Lewistown to Billings to be 129 miles. This is the relevant distance between Lewistown and Billings. [Emphasis in original.]

We agree with the reasoning and conclusions of the District Court, and find that Billings was beyond the reach of the covenant as drafted. Thus, Tucker cannot now claim that the court's refusal to enforce the covenant in Yellowstone County somehow deprived him of something he bargained and paid for. We hold that the District Court did not err in refusing to refund any part of the purchase price to Tucker based on the partial invalidity of the non-competition covenant.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

November 14, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Robert L. Johnson
Attorney at Law
Ste. 507, Montana Bldg.
Lewistown, MT  59457

Torger S. Oaas
Attorney at Law
P.O. Box 76
Lewistown, MT  59457

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____.
     Deputy