NO.   94-576

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MONTANA PUBLIC EMPLOYEE'S
ASSOCIATION, a Montana Non-
Profit Corporation, Sally
Russell, Steve Warn, John
Starcevich, Pam Aldridge,
Carol Huggins, Joyce Crawford,
Kristie Milligan, and Fred
Marshall, et al.,

   Plaintiffs and Appellants,

 -v-

OFFICE OF THE GOVERNOR, Governor
Stan Stephens, MONTANA DEPARTMENT
OF TRANSPORTATION, and MONTANA
DEPARTMENT OF SOCIAL AND
REHABILITATION SERVICES,

   Defendants and Respondents.

FILED

JUN 2 0 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the First Judicial District,
      In and for the County of Lewis and Clark,
      The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

   For Appellants:

     Carter N. Picotte, Helena, Montana

   For Respondent:

     Nick A. Rotering, Lyle Manley, Montana Department of
     Transportation, Helena, Montana; Russ Cater, Montana
     Department of Social and Rehabilitation Services,
     Helena, Montana


       Submitted on Briefs: March 23, 1995

           Decided: June 20, 1995

Filed:

         Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from an order of the First Judicial District Court, Lewis & Clark County, granting Respondents' motion for summary judgment terminating Appellants' declaratory judgment action. We affirm.

The issues on appeal are:

1. Whether the District Court erroneously determined that the actions of Governor Stan Stephens did not violate Article II, Section 31 of the Montana Constitution and Article I, Section 10, of the Constitution of the United States.

2. Whether the District Court erroneously determined that Governor Stan Stephens did not violate Article III, Section 1, of the Montana Constitution.

Background

Appellants filed their declaratory judgment action in District Court on January 6, 1993. Following briefing and oral argument on their cross motions for summary judgment, the District Court granted Respondents' motion and denied Appellants'. In their Complaint, Appellants contend that for a period of at least 15 years previously, the State of Montana had in place a system of employee compensation set forth at §§ 2-18-301, et seq., MCA. That compensation system incorporated basic pay levels, or grades, and a series of sub-levels within each grade, or steps, under which an employee received higher compensation depending upon the amount of time spent in employment. Appellants also contend that for many years, it had been the practice of some state agencies, including the respondent agencies, to subtract or take away steps when promoting employees more than one grade level.

2

By way of example, Appellants explain that when a person at grade 12, step 6, was promoted to grade 14, the employee would be placed in step 4, thus losing 2 steps and the compensation that went along with the Z-step loss. While the promoted employee would not actually suffer a reduction in compensation, he or she would receive less of a pay increase than if the promotion included not only the higher grade, but also no reduction in steps.

In 1991, the directors of the Departments of Transportation and Social and Rehabilitation Services determined to reinstate the steps lost by qualified employees. Employees were so informed by a written announcement that included instructions for employees to complete and return to their respective departments.

Before the lost steps could be reinstated, however, Governor Stan Stephens issued a May 15, 1991 memorandum to all department directors prohibiting them from reinstating steps lost to multi-grade promotions. Accordingly, the proposed plan to reinstate the lost steps was withdrawn by each department. Appellants contend that the Governor acted unconstitutionally.

## Discussion

Under Rule 56(c), M.R.Civ.P., summary judgment is proper only when no material fact exists and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to establish that there are no genuine issues of material fact. Once that burden has been met, the burden then shifts to the party opposing the motion to establish otherwise. Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331-

3

32. In determining the propriety of summary judgment, we will utilize the same criteria as the district court; our review is de novo. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

> 1. Whether the District Court erroneously determined that the actions of Governor Stan Stephens did not violate Article II, Section 31, of the Montana Constitution and Article I, Section 10, of the Constitution of the United States.

Appellants contend that Governor Stephens violated Article II, Section 31, of Montana's Constitution and Article I, Section 10, of the United States Constitution in prohibiting the step reinstatement plan from being implemented. Both of those constitutional provisions prohibit the respective legislative branches of government from passing legislation that impairs contractual obligations. In rejecting Appellants' contentions, the District Court concluded that, here, no action was taken by the legislature. Rather, the action taken was by the Governor, and the subject constitutional provisions were, thus, not implicated.

Appellants, however, maintain that because the allegedly offending acts of the Governor were authorized by § z-15-103, MCA, which provides that, subject to the constitution, the governor shall formulate and administer policies of the executive branch, in essence, his acts were those of the legislature in impairing Appellants' contracts.

Without agreeing or disagreeing with the District Court's rationale, we conclude that Appellants' arguments are resolved at a more fundamental level. In order for there to be an

4

unconstitutional impairment of a contractual obligation, there **must** first be a contract in existence. Matter of Yellowstone River (1992), 253 Mont. 167, 183, 832 P.2d 1210, 1219. In that case, citing other Montana decisional authority, we stated:

> Montana has adopted a three part test to determine whether legislation has violated the impairment of contracts clause. [Citations omitted]. "The threshold inquiry is whether the state law has, in fact, operated as a substantial impairment of the contractual relationship." [Citations omitted]. <u>Implicit in this inquiry is the existence of a contract. The appellants have failed to demonstrate the existence of any specific contract</u> let alone its impairment. This is fatal to appellants' **claim** (Emphasis added.)

<u>Yellowstone River,</u> 832 P.2d at 1219

Similarly, Appellants in this case have failed to demonstrate the existence of any contract under which they had a vested right to reinstatement of the lost steps. "It is essential to the existence of a contract that there be . . a sufficient cause or consideration." Section 28-2-102(4), MCA. Consideration requires that the contracting parties, each as to the other, confer some legal benefit and/or incur some detriment as an inducement to performance. Section 28-Z-801, MCA. See also Title 28, Chapter 2, part 8, generally and Boise Cascade Corp. v. First Security Bank (1979), 183 Mont. 378, 391, 600 P.2d 173, 181

Here, the Appellant employees gave nothing of value for the department directors' gratuitous offer to reinstate the lost steps and, the offer being gratuitous, it could be revoked **at** any **time.** No contract is created when performance is entirely optional with the promisor. Matter of Estate of Haggerty (1990), 246 Mont. 351, 356, 805 P.2d 1338, 1342. See also <u>Boise Cascade Corp.,</u> 600 P.2d

at 181.

Moreover, Appellants' prior work could not serve as consideration for the State's offer to reinstate the lost steps, inasmuch as, generally, past consideration is not sufficient to support a promise. In Tindall v. Konitz Contracting, Inc. (1989), 240 Mont. 345, 783 P.2d 1376, we quoted with approval the following statement of that principle:

> " [a] promise supported by past consideration is unenforceable because the detriment did not induce the promise. That is, 'since the detriment had already been incurred, it cannot be said to have been bargained for in exchange for the promise."'

Tindall, 783 P.2d at 1379.

Accordingly, there being no consideration for the department directors' offer, no contract was formed under which the appellant employees gained any vested rights to the reinstatement of the lost steps. There being no contract in existence, there were no contract obligations which were impaired by the Governor's actions. We hold that Governor Stephens' actions here did not violate Article II, Section 31, of the Montana Constitution or Article I, Section 10 of the United States Constitution.

> 2. Whether the District Court erroneously determined that Governor Stan Stephens did not violate Article III, Section 1, of the Montana Constitution.

Appellants next contend that Governor Stephens violated the doctrine of separation of powers in that he unlawfully attempted to obstruct the legitimate exercise of duties granted to the Department of Administration by the legislature. Article III, Section 1, of Montana's Constitution prohibits one branch of

government from exercising any power properly belonging to the other two branches.

According to Appellants, by enacting the pre-1991 provisions of the State pay plan, (§§ 2-18-101, et seq., MCA), the legislature, pursuant to Article VI, Section 7, of Montana's Constitution, charged the Department of Administration as being the executive agency solely responsible for the administration and implementation of that plan, with rulemaking authority in furtherance of those responsibilities. Appellants maintain that the Department of Administration did, by adopting pay plan Rule No. 1809, vest discretion in agency heads for the treatment of steps in the pay plan. Therefore, according to Appellants, since the legislature allocated to the Department of Administration the power to administer the pay plan, the Governor, as the highest executive officer of the State, was without authority to "interfere in or dominate the discretion and judgment of other executive branch officers , , . [such as the department directors here] in the exercise of those powers conferred by law upon them, unless the power of review or the requirement of approval is imposed by the Legislative delegation of power." In countermanding the department directors' offer to reinstate the lost steps, Appellants conclude that Governor Stephens, thus, violated the doctrine of separation of powers.

The District Court rejected Appellants' argument, concluding that the Governor was not interfering with the Department of Administration's delegated authority over the State pay plan, but,

7

rather, was simply exercising his legitimate power over other executive agencies under §§ Z-15-104 and 2-15-103, MCA. We agree with the District Court.

Article VI, Section 4, of Montana's Constitution vests executive power in the Governor. The statutory duties of executive branch officers and agencies are generally found at § 2-15-101, et seq., MCA, commonly referred to as the Executive Reorganization Act. Section 2-15-103, MCA, recognizes the constitutional status of the governor as the State's chief executive officer and, subject only to the constitution and other State laws, requires the governor to formulate and administer the policies of the executive branch with "full powers of supervision, approval, direction, and appointment over all departments and their units." Moreover, that statute provides that whenever a conflict arises as to the administration of the policies of the executive branch of state government, with exceptions not at issue here, "the governor shall resolve the conflict, and the decision of the governor is final." In addition, § 2-15-201, MCA, further prescribes the powers and duties of the governor including that "[h]e shall supervise the official conduct of all executive and ministerial officers."

While under § 2-18-102, MCA, and parts 2 and 3 of Title 2, Chapter 18, MCA, the Department of Administration has broad powers and duties to implement and administer the State classification and pay plan as generally set forth in that Title and Chapter, nevertheless, those statutory powers and duties must be read in conjunction with the governor's statutorily prescribed duties of

8

supervision, approval, appointment and direction over executive agency departments and their heads while also taking into consideration his constitutional status as chief executive officer of the State.

Appellants' interpretation of the constitutional provisions and statutes mentioned, treats the Governor's duties and the duties of the Department of Administration and the heads of the executive agencies as regards the classification and pay plan as mutually exclusive. However, we find nothing in the above statutory scheme that supports such an interpretation or that would have prohibited Governor Stephens' actions in this case. Likewise, we conclude that the doctrine of separation of powers is not violated where the governor exercises the very sorts of powers and duties authorized by the legislature in the statutes it enacted. Contrary to Appellants' contentions, Governor Stephens did not exercise any power belonging to the legislative branch; he simply executed his statutory duty to supervise and direct the heads of two executive departments in their making of a discretionary decision involving the implementation of the State pay plan. As was the District Court, we are not persuaded to a contrary conclusion by Appellants' arguments or by any authorities cited. Accordingly, we hold that Governor Stephens' actions here did not violate Article III, Section 1 of the Montana Constitution.

Finally, Appellants do not cite this Court to any genuine issues of material fact that are in dispute, and, having reviewed the record and the briefs, we are satisfied that there are none.

9

Under the undisputed facts of this case, we hold that Respondents were entitled to judgment as a matter of law.

Accordingly, the Order of the District Court dated September 1, 1994, granting summary judgment to Respondents and denying Appellants' motion for summary judgment is AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

10