## H & R BLOCK TAX SERVICES LLC, and Franchise Partner, Inc., Plaintiffs

### v.

## Kathryn KUTZMAN, Defendant.

### No. CV 10-03-M-DWM.

United States District Court, D. Montana, Missoula Division.

Jan. 26, 2010.

---

Charles Henry Carpenter, Carpenter Law Firm PLC, Missoula, MT, David M. Kight, Nathan A. Orr, Spencer Fane Britt & Browne, Kansas City, MO, for Plaintiffs.

Robert C. Griffin, Crowley Fleck, Billings, MT, for Defendant.

## ORDER

DONALD W. MOLLOY, District Judge.

Before the Court is Plaintiffs' motion for preliminary injunction. For the reasons that follow, the motion will be granted in part and denied in part.

### I.  Background

In October of 1984, Plaintiff H & R Block and Defendant Kathryn Kutzman entered into a franchise agreement. Kutzman agreed to operate an H & R Block franchise in Whitefish, Montana. Later, the parties added Eureka, Montana to the franchise agreement. As a part of the agreement, Kutzman agreed that she would not directly or indirectly solicit or divert any person for whom she prepared a tax return during her time as an H & R Block franchisee upon termination of the agreement. She further agreed that she would not directly or indirectly compete with H & R Block within 45 miles of her

franchise territory by preparing tax returns or providing related services for one year following the termination of the agreement. The agreement provides that H & R Block is entitled to injunctive relief if Kutzman breaches these non-solicitation and non-competition provisions.

On October 26, 2009, Defendant's franchise expired. Since then, Kutzman has made clear her intent to prepare tax returns in Whitefish, Montana. She takes the position that Montana law applies, and under Montana law she claims the franchise restriction is unenforceable.

On January 14, 2010, H & R Block filed a motion for preliminary injunction to enjoin Defendant Kutzman from violating the non-competition and non-solicitation provisions of her Franchise Agreement. As noted, Defendant argues in her January 21, 2010 response brief that the non-competition provision of the franchise agreement is void under Montana law, and that the Defendant has only solicited the general public, not former clients. A hearing on the matter was held on January 22, 2010. After the hearing, Plaintiffs filed a reply brief on January 24, 2010.

## II. Legal Standard

Plaintiffs must establish (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) that the "balance of equities tips" in their favor, and (4) that such an injunction is in the "public interest," before the Court may grant a preliminary injunction. *Winter v. Natural Res. Def. Council, Inc.,* — U.S. ——, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

## III. Analysis

### A. Likelihood to Succeed on the Merits

Defendant concedes that she is currently competing against H & R Block to prepare tax returns within 45 miles of her former franchise territory. She contends her actions are not prohibited by the non-competition provision because it is an unenforceable prohibition on her right to engage in business.

### 1. Choice of Law

At the outset, there is a dispute over whether Missouri or Montana law applies. Plaintiffs argue under the terms of the franchise agreement that Missouri law applies. Defendant counters that the forum state's choice of law rules determine the controlling substantive law, *Patton v. Cox,* 276 F.3d 493, 495 (9th Cir.2002), and that under Montana choice-of-law rules the contractual choice-of-law is not enforceable if that state's law is contrary to a fundamental policy of Montana. *Casarotto v. Lombardi,* 268 Mont. 369, 886 P.2d 931, 935–36 (1994), *overruled on other grounds, Doctor's Assoc., Inc. v. Casarotto,* 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). She then proceeds to argue Missouri law is contrary to Montana's policy against prohibitions on a person's right to engage in his or her business, while H & R Block argues Missouri and Montana policy are in line on this issue.

There is no need to resolve this issue now. Regardless of what law applies, Defendant's argument is the non-compete provision is not enforceable under Montana law.

**2. Is the Provision Enforceable?[1]**

■ Mont.Code Ann. § 28–2–703 states in full that "[a]ny contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided for by 28–2–704 [sale of goodwill of business] or 28–2–705 [dissolution of partnership], is to that extent void." Defendant argues, in light of the fact that the vast majority of her business is based on tax preparations, that to enforce the provision would restrain her from engaging in her business.

The argument ignores the Montana Supreme Court's interpretation of § 28–2–703 to mean such contract provisions are disfavored, not that they are automatically void.[2] *Access Organics, Inc. v. Hernandez*, 341 Mont. 73, 175 P.3d 899, 902 (2008). The Montana Supreme Court has "upheld agreements which impose reasonable restrictions on trade." *Id.* Reasonableness is determined by three requirements:

(1) It must be partial or restricted in its operation in respect either to time or place;

(2) it must be [based] on some good consideration; and

(3) it must be reasonable, that is, it should afford only a fair protection to the interests of the party in whose favor it is made, and must not be so large in its operation as to interfere with the interests of the public.

*Id.* (internal citations omitted).

Here, the non-compete provision is a reasonable restriction on Defendant's ability to engage in her business.[3] First, it is restricted in time and place. Second, the provision was based on good consideration. Third, it provides fair protection. Plaintiff provided Defendant with training, a trade name, business methods, as well as the assurance that she would not have to compete against another business armed with the same benefits. While Kutzman questions H & R Block's corporate means and business model, that is irrelevant to the issue of whether the restriction is reasonable and enforceable. Restricting Defendant from competing within 45 miles of her former franchises allows the company a fair opportunity to retain its goodwill and sell the franchises without competition from the Defendant. The argument seems to infer that the value of Kutzman's franchises, or any other franchise in Montana, is impacted by a decision to allow her to directly compete with H & R Block in violation of the 45 mile restriction.

**1.** This section analyzes whether the provision is enforceable under Montana law because this is what is contested by the parties. It is worth noting that based upon the record before the Court at this time, the provision is also enforceable under Missouri law. *See Mid–States Paint & Chem. Co. v. Herr*, 746 S.W.2d 613, 618 (Mo.App.1988) (upholding covenant not to compete prohibiting salesman from working within 125 miles of former employer for two years as clearly reasonable).

**2.** Defendant notes that "there is not a single case in which the Montana Supreme Court has upheld an injunction preventing a person from pursing their profession." Def.'s Resp. 13. While this may or may not be true, the argument fails to consider whether such a provision is enforceable in the first place. Furthermore, if the provision is enforceable, Defendant fails to identify how or why an injunction is an inappropriate remedy under Montana law.

**3.** Plaintiffs note that Defendant has failed to lay a factual groundwork for the Court to conclude the restriction is unreasonable. Pls.' Reply 3. While true, this does not mean Plaintiffs automatically win on this issue. *See Access Organics, Inc.*, 175 P.3d at 902 ("[T]he party seeking to enforce the non-compete agreement ... bears the burden of proving that the agreement does not violate § 28–2–703.").

Furthermore, this restrictive covenant is part of a franchise agreement and not an employment agreement. Unlike an employee agreement, through this agreement Defendant was able to maintain day-to-day operations of the business, hire and fire employees, keep the books, and the ability to set business policies as she saw fit. Because Kutzman was able to run a tax business through the agreement, by terminating it she risks H & R Block's goodwill if the non-compete clause is not enforced. Thus, it is appropriate to look to Montana's law on restrictive covenants and the "sale of goodwill of a business" for guidance on the reasonableness of the restriction.[4] *See Wilkinson v. Manpower, Inc.,* 531 F.2d 712 (Former 5th Cir.1976) (finding no rationale to distinguish a franchise from the sale of a business in the context of analyzing restrictive covenants).

Mont.Code. Ann. 28–2–704 makes enforceable an agreement that refrains the buyer from carrying on a similar business within the county and adjacent county of where the sold business is located. Here, the restriction is much less burdensome. Defendant is only restricted from competing with Plaintiffs within 45 miles of her former businesses in order to protect H & R Block's goodwill. This distance is less than the multiple county restriction the legislature authorized under § 28–2–704, which would keep her from competing within over 100 miles from her former franchises.

Finally, the restriction is not so onerous as to interfere with the interests of the public. Clients will still have access to accountants for tax assistance, and those who prefer to employ Kutzman can seek her services so long as she is not in business within 45 miles of her former franchises,[5] or the prospective clients wait a year.

The restrictive covenant is not unreasonable, and it is enforceable under Montana law. Plaintiffs have demonstrated a likelihood of success on the merits.

## B. Irreparable Harm

■ At stake here is Plaintiff H & R Block's goodwill, as well as the legitimacy of its franchise operation. It has already lost seven former clients to Kutzman. If she is able to continue to compete in violation of the franchise agreement, that number is likely to rise. The damage to H & R Block will be to their franchise operation, to their patronage, and to their client relations. Under such circumstances, it is difficult to calculate Plaintiffs' full damages.

Kutzman counters that there is no irreparable harm because the franchise agreement contains a liquidated damages provision. (Franchise Agreement, ¶ 12(c).) In support, she cites a Montana Supreme Court case that found injunctive relief not available when a tender of stock agreement included a liquidated damages provision. *Foster v. Realty Title Co.,* 209 Mont. 183, 680 P.2d 323, 326–27 (1984). That case, however, did not involve the loss of goodwill, and the court explicitly noted

---

4. This is not to say a franchise agreement is a "sale of goodwill of business" for purposes of determining the validity of a restrictive covenant, only that it makes sense to seek guidance from that law in determining the reasonableness of the restrictive covenant in a franchise agreement.

5. The evidence establishes that many of her clients already travel between 50 and 100 miles to meet with her.

that the liquidated damages provision provided an adequate remedy. *Id.* Here, the franchise agreement includes both a liquidated damages provision and injunctive relief. (Franchise Agreement, ¶ 12(d).) The fact that the agreement contains both a right to an injunction and liquidated damages does not mean the loss of goodwill is not irreparable, or that liquidated damages will provide an adequate remedy.

## C. Balance of Equities

■ The severity of harm tips in H & R Block's favor. If no injunction is granted, H & R Block's relationship with its clients will be injured. As discussed above, H & R Block cannot readily repair its goodwill, client base, and client relations once they are damaged. On the other hand, Kutzman knowingly agreed to the terms of the franchise agreement. She enjoyed the fruits of the agreement up till now, despite her current view that the franchise has little value. An injunction would compel her to adhere to the restrictions she knowingly agreed to when she purchased the franchise.[6] Furthermore, she is in no way prevented from preparing taxes for new or former clients so long as the activity takes place 45 miles away from her H & R Block franchise office.

## D. Public Interest

■ The public has an interest in valid contracts being upheld. At this preliminary stage of the proceeding, the contract and its non-compete provisions appear to be valid. It is in the interest of the public to enjoin Defendant from violating the terms of the agreement until the matter can be fully resolved. Kutzman can be protected, if she is ultimately correct, by requiring H & R Block to post a $200,000.00 security bond. Fed.R.Civ.P. 65(c).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction (dkt. # 4) is GRANTED IN PART and DENIED IN PART. Defendant Kutzman, as an owner, stockholder, partner, officer, director, or employee, shall not prepare tax returns within 45 miles of her former H & R Block franchises until the resolution of this case, or one year has passed since the termination of the franchise agreement, whichever comes first.

Defendant Kutzman is further enjoined, as an owner, stockholder, partner, officer, director, or employee, from directly or indirectly soliciting by mail, phone or in person, or diverting from Plaintiffs any person for whom her franchises prepared a tax return or performed related or additional services at any time during the term of her agreement with Plaintiffs.

IT IS FURTHER ORDERED that Plaintiffs shall provide a $200,000.00 security bond pursuant to Rule 65(c) F.R. Civ. P. within three (3) days of the entry of this Preliminary Injunction.

IT IS FURTHER ORDERED that any other relief set forth in Plaintiffs' Motion for Preliminary Injunction (dkt. # 4) is DENIED.

Finally, IT IS ORDERED pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule

---

6. No issue of estoppel is raised, or considered, based on the purported statements of Mr. Rose that the non-compete clause was unenforceable under Montana law.

26(a)(1) Initial Disclosure to opposing parties.