**LUCHT'S CONCRETE PUMPING, INC.,**
a Colorado corporation, Petitioner

v.

Tracy **HORNER** and Everist Materials, LLC, d/b/a Peak Concrete Pumping, an Iowa limited liability company, Respondents.

No. 09SC627.

Supreme Court of Colorado,
En Banc.

May 31, 2011.

The Reha Law Firm, LLC, John F. Reha, Littleton, Colorado, Arckey & Associates, LLC, Sara Y. Hunt, Greenwood Village, Colorado, Attorneys for Petitioner.

Baker & McKenzie, LLP, Thomas Campbell, Michael A. Pollard, Kathleen T. Sanderson, Chicago, Illinois, Letofsky & Dombrowski, Steven F. Letofsky, Frisco, Colorado, Attorneys for Respondents.

Husch Blackwell Sanders LLP, Christopher L. Ottele, Denver, Colorado, Attorneys for Amicus Curiae Colorado Civil Justice League.

Jester Gibson & Moore, LLP, Jay S. Jester, Brian T. Moore, Denver, Colorado, Attorneys for Amicus Curiae Colorado Plaintiff Employment Lawyers Association.

Justice EID delivered the Opinion of the Court.

We granted certiorari to determine whether continuing the employment of an existing at-will employee is adequate consideration to support a noncompetition agreement. Petitioner Lucht's Concrete Pumping seeks to enforce a noncompetition agreement signed by respondent Tracy Horner, a former at-will employee. Because Horner was an existing at-will employee when he signed the agreement, Lucht's argues that its forbearance from terminating Horner constitutes adequate consideration for the noncompetition agreement.

The court of appeals held that continued employment does not constitute adequate consideration for a noncompetition agreement once an employee has begun working for an employer because the employee is in the same position as he was before he signed the noncompetition agreement. *Lucht's Concrete Pumping, Inc. v. Horner,* 224 P.3d 355 (Colo.App.2009).

We granted certiorari[1] and now reverse the court of appeals. We hold that an em-

---

1. We granted certiorari on the following issue:

 Whether the court of appeals erred in con-

cluding that the continued employment of an

ployer that forbears from terminating an existing at-will employee forbears from exercising a legal right, and that therefore such forbearance constitutes adequate consideration for a noncompetition agreement. We have recognized that continuation of at-will employment is adequate consideration in the context of an employee's receipt of a benefit, *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo.1987), and now apply that reasoning to the context of consideration for a noncompetition agreement.

## I.

The case before us arises from an employment dispute between respondent Tracy Horner ("Horner"), an individual, and his former employer, petitioner Lucht's Concrete Pumping, Inc. ("Lucht's"). Respondent Everist Materials, LLC ("Everist"), a competitor of Lucht's and subsequent employer of Horner, is also a party to the case.

Lucht's is a Colorado corporation in the concrete pumping business with approximately seventy employees. While it is based out of Denver where it does much of its business, Lucht's began expansion into the Summit County area in 2001.

To implement its expansion, Lucht's hired Horner as mountain division manager on an at-will basis beginning in 2001. Lucht's primarily hired Horner as its "key person" with connections to the industry. As such, Horner was solely responsible for establishing and maintaining the relationships in the mountain region upon which Lucht's relied for business.

On April 15, 2008, Horner was asked to sign, and did sign, a noncompetition agreement. Among other things, the agreement stated that in the event that Horner left his position, he would not "directly or indirectly solicit, induce, recruit or encourage any of [Lucht's] employees or customers to leave [Lucht's]" for twelve months following his termination, and he would not divulge any trade secrets or other confidential information to any future employer. Horner was not offered any pay increase, promotion, or addi-

tional benefits at the time he signed the agreement.

Horner resigned from Lucht's on March 12, 2004, and began working for Everist three days later on March 15, 2004. Everist is a supplier of ready-mix concrete and had many of the same customers in the mountain region as Lucht's. Shortly after Horner started, Everist entered the concrete pumping business in the mountain region, directly competing with Lucht's, with Horner as its pumping manager.

Lucht's sued Horner for breach of contract, breach of duty of loyalty, breach of fiduciary duty, and misappropriation of trade value. It also sued Everist for intentional interference with contract, aiding and abetting a breach of duty of loyalty, aiding and abetting a breach of fiduciary duty, and misappropriation of trade value.

The trial court granted summary judgment against Lucht's on its claims for breach of contract and intentional interference with contract, concluding that the noncompetition agreement was unenforceable due to lack of consideration. Following a bench trial, the trial court issued a judgment that included extensive findings of fact and found in favor of Horner and Everist on the remaining claims.

Lucht's appealed. As is relevant here, it argued that summary judgment was improperly entered on its breach of contract and interference with contract claims because Horner's continued employment constituted adequate consideration to support the noncompetition agreement.

The court of appeals concluded that continued employment of an at-will employee cannot, by itself, constitute consideration for a noncompetition agreement if the employee had already begun working for an employer. *Lucht's*, 224 P.3d at 358. The court of appeals reasoned that, even though an employer may agree to continue an at-will employee's employment if the employee agrees to sign the covenant, nothing prevents the employer from discharging the employee at a future date and therefore the employee re-

existing at-will employee was not adequate consideration to support a noncompetition

agreement.

ceives nothing more than what was already promised in the original at-will agreement. *Id.*

We granted certiorari and now reverse the court of appeals. We hold that an employer that forbears from terminating an existing at-will employee forbears from exercising a legal right, and that therefore such forbearance constitutes adequate consideration for a noncompetition agreement. We have recognized that continuation of at-will employment is adequate consideration in the context of an employee's receipt of a benefit, *Continental Air Lines,* 731 P.2d at 711, and now apply that reasoning to the context of consideration for a noncompetition agreement.

## II.

 Today we address the validity of a covenant not to compete when an at-will employee signs the agreement after his initial hiring. A covenant not to compete, like any other contract, must be supported by consideration. *Freudenthal v. Espey,* 45 Colo. 488, 497–500, 102 P. 280, 283–84 (1909). This court has long held that any benefit to a promisor or any detriment to a promisee at the time of the contract—no matter how slight—constitutes adequate consideration. *W. Fed. Sav. & Loan Ass'n of Denver v. Nat'l Homes Corp.,* 167 Colo. 93, 103, 445 P.2d 892, 897–98 (1968); *see also* 2 Joseph M. Perillo & Helen H. Bender, *Corbin on Contracts* § 5.14 at 70 (1995) (concluding that a "peppercorn" is sufficient). Except in extreme circumstances, such as those involving allegations of unconscionability, a court should not judge or attempt to assess the adequacy of the consideration. *Freudenthal,* 45 Colo. at 499–500, 102 P. at 284 (holding that "the court will not inquire into [the adequacy of the consideration] . . . . the exact value of the consideration the court ought not, and in the nature of things cannot, undertake to measure"). Therefore, we need only find some consideration, regardless of its relative value, to support a covenant not to compete.

 Consideration may take the form of forbearance by one party to refrain from doing something that it is legally entitled to do. *Troutman v. Webster,* 82 Colo. 93, 97,

257 P. 262, 264 (1927); *Int'l Paper Co. v. Cohen,* 126 P.3d 222, 225 (Colo.App.2005) (quoting *Black's Law Dictionary* 324 (8th ed. 2004)); *see also Jones v. Jones,* 1 Colo.App. 28, 32, 27 P. 85, 86 (1891) ("[V]aluable consideration . . . may consist either in some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other."). In the context of employment, an employer has a legal right to terminate an at-will employee at any time because employment at-will is a continuing contract between an employer and an employee that is terminable at the will of either the employer or the employee. *Continental Air Lines,* 731 P.2d at 711. Thus, an employer may terminate an at-will employee at any time without incurring any legal liability. *See Garcia v. Aetna Fin. Co.,* 752 F.2d 488, 491 (10th Cir.1984) (applying Colorado law); *Coors Brewing Co. v. Floyd,* 978 P.2d 663, 666 (Colo.1999) ("Under common law, either an employer or an employee can terminate an at-will employment relationship without incurring legal liability for this termination.").

 Because an employer may terminate an at-will employee at any time during the employment relationship as a matter of right, its forbearance from terminating that employee is the forbearance of a legal right. As such, we find that such forbearance constitutes adequate consideration to support a noncompetition agreement with an existing at-will employee. In so holding, we join several other jurisdictions that conclude that an employer's forbearance of the right to terminate an existing at-will employee constitutes adequate consideration to support a noncompetition agreement. *See, e.g., Ackerman v. Kimball Int'l, Inc.,* 652 N.E.2d 507, 509 (Ind. 1995); *Sherman v. Pfefferkorn,* 241 Mass. 468, 135 N.E. 568, 569 (1922); *Brignull v. Albert,* 666 A.2d 82, 84 (Me.1995); *Camco, Inc. v. Baker,* 113 Nev. 512, 936 P.2d 829, 831–32 (1997); *Lake Land Emp't Grp. of Akron, LLC v. Columber,* 101 Ohio St.3d 242, 804 N.E.2d 27, 31–32 (2004); *Summits 7, Inc. v. Kelly,* 178 Vt. 396, 886 A.2d 365, 373 (2005); *Research & Trading Corp. v. Powell,* 468 A.2d 1301, 1305 (Del.Ch.1983).

We have utilized this same reasoning in the context of an at-will employee's acceptance of a benefit offered by the employer. In *Continental Air Lines*, we held that an at-will employee could enforce the termination procedures specified in an employee manual on the theory that the employee's decision to continue to work constituted "acceptance" of the offer as well as "consideration for those procedures." 731 P.2d at 711, 712; *see also id.* at 713 (holding that an at-will employee would have to demonstrate that his willingness to work "provided the requisite consideration"). Accordingly, when the at-will employee continued to work, he not only accepted the employer's offer of termination procedures, he provided consideration for the exchange to the employer. *Id.* at 711. Stated differently, by continuing to work, the at-will employee decided to forbear from his right to discontinue working. *See also Kuta v. Joint Dist. No. 50(J)*, 799 P.2d 379, 382 (Colo.1990) (Continuation of work does not constitute consideration when employees are obligated by contract to continue working and therefore are "merely fulfilling their preexisting contractual obligations."). If an at-will employee's continuation of work constitutes adequate consideration for the acceptance of an employer's benefit, by the same reasoning, an employer's forbearance from terminating the at-will employee constitutes adequate consideration for an employee's acceptance of an employer's noncompetition agreement. In both cases, consideration is found in the continuation of the at-will relationship.

The court of appeals came to a different conclusion based on the rationale that an employee's continuation of work is "nothing more than [what] was already promised in the original at-will agreement." *Lucht's*, 224 P.3d at 358. The court of appeals reasoned that, even though an employer may agree to continue an at-will employee's employment if the employee agrees to sign the noncompetition agreement, nothing prevents the employer from discharging the employee at a future date. Therefore, the court of appeals reasoned, the employee receives nothing more than what was already promised at the beginning of the employment relationship.

*Id.; accord Nat'l Recruiters, Inc. v. Cashman*, 323 N.W.2d 736, 740–41 (Minn.1982); *Access Organics, Inc. v. Hernandez*, 341 Mont. 73, 175 P.3d 899, 904 (2008); *Labriola v. Pollard Grp., Inc.*, 152 Wash.2d 828, 100 P.3d 791, 794 (2004).

There appears to be no question that an employee's acceptance of an at-will employment arrangement at the time of initial employment is sufficient consideration for a noncompetition agreement. *See, e.g., Precision Walls, Inc. v. Servie*, 152 N.C.App. 630, 568 S.E.2d 267, 272 (2002). The question becomes whether the result is changed by the fact that the noncompetition agreement is presented to the employee after that initial employment period has ended. We do not believe it is.

At initial employment and during existing employment, both the employer and the employee must decide whether an employment relationship will exist. *See Copeco, Inc. v. Caley*, 91 Ohio App.3d 474, 632 N.E.2d 1299, 1301 (1992) ("As a practical matter every day is a new day for both employer and employee in an at-will relationship."). For both an initial and an existing at-will employee, the employee and employer have the ability to negotiate. Just as an at-will employee may refuse to accept initial employment if the employer's conditions are unacceptable, so too may an existing employee leave employment if she does not assent to the terms of a noncompetition agreement. In fact, our case law has made no distinction between the adequacy of consideration made at the initial hiring and consideration made during the relationship. *See Continental Air Lines*, 731 P.2d at 711 (noting that an employee's "*initial or continued employment* [may] constitute[ ] acceptance of and consideration for" the termination procedures) (emphasis added). Accordingly, we find no distinction between a decision to agree to a noncompetition agreement offered at the initial hiring period and a decision to agree to such an agreement subsequent to that period.

As applied to the facts of this case, in presenting the noncompetition agreement, Lucht's was offering to renegotiate the terms of Horner's employment. Lucht's had the

legal right to discharge Horner; however, it chose not to exercise this right in exchange for Horner's acceptance of the noncompetition agreement. Horner had the option of either accepting the agreement and continuing his employment, or rejecting the agreement and leaving Lucht's. By virtue of the nature of at-will employment itself, the presentation of the agreement was an offer to renegotiate the terms of Horner's at-will employment, which Horner accepted by continuing to work.[2]

■ Drawing a distinction between covenants not to compete signed on the first day of hire and covenants signed during employment would only induce employers to terminate employees and then rehire them the next day with a covenant not to compete. *See Curtis 1000, Inc. v. Suess,* 24 F.3d 941, 947 (7th Cir.1994); *Camco, Inc. v. Baker,* 113 Nev. 512, 936 P.2d 829, 832 (1997) ("Besides the possible impact on employee seniority and vesting in various benefits packages, such an approach would merely exalt form over substance.") (internal quotation omitted); *4408, Inc. v. Losure,* 175 Ind.App. 658, 373 N.E.2d 899, 903 (1978) (rehire of employee who resigned after refusing to sign a noncompetition agreement was valid consideration); Tracy L. Staidl, *The Enforceability of Noncompetition Agreements When Employment is At-Will: Reformulating the Analysis,* 2 Emp. Rts. & Emp. Pol'y J. 95, 103 (1998). Therefore, to distinguish between noncompetition agreements signed as a condition of employment and noncompetition agreements signed after employment would create a perverse incentive for employers. *Summits 7,* 886 A.2d at 372–73.[3]

■ Importantly, we note that all noncompetition agreements must be assessed for reasonableness. *Zeff, Farrington & Assocs., Inc. v. Farrington,* 168 Colo. 48, 49, 449 P.2d

813, 814 (1969) (holding that all covenants not to compete must be assessed for reasonableness). And, as with all restrictive covenants, "[w]hat is reasonable depends upon the facts of each case." *Id.* For instance, "legitimate consideration for the covenant exists as long as the employer does not act in bad faith by terminating the employee shortly after the employee signs the covenant." *Summits 7,* 886 A.2d at 373. To the extent that an employer enters into a noncompetition agreement with an employee with the intention of terminating the employee immediately afterwards, the agreement may fail for lack of consideration. *See, e.g., Simko, Inc. v. Graymar Co.,* 55 Md.App. 561, 464 A.2d 1104, 1107 (1983) ("Were an employer to discharge an employee without cause in an unconscionably short length of time after extracting the employee's signature to a restrictive covenant through a threat of discharge, there would be a failure of the consideration."). In this case, because the district court declared the noncompetition agreement invalid due to lack of consideration, no reasonableness assessment has been performed. We therefore remand the case for consideration of whether the noncompetition agreement was reasonable and for further proceedings consistent with this opinion.

### III.

For the reasons stated above, we reverse the court of appeals and remand the case for further proceedings consistent with this opinion.

---

**2.** We thus reject respondents' argument that there must be a threat of discharge in order for the continuation of employment to constitute consideration. The presentation of the noncompetition agreement is a renegotiation of the terms of employment that the employee is free to accept or reject, and therefore by its nature an employer need not threaten discharge.

**3.** We also disagree with respondents' argument that a noncompetition agreement must specifically cite to the consideration to be given—here, to the continuation of employment. Consideration does not need to be specifically recited in the contract and may be inferred. *W.T. Rawleigh Co. v. Dickneite,* 99 Colo. 276, 278, 61 P.2d 1028, 1029 (1936); *Continental Air Lines,* 731 P.2d at 713 (Consideration may be inferred from employee's "initial or continued employment.").