NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 09 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RICKEY RYAN WILLIAMS, | No. 17-55228 |
| Petitioner-Appellant, | |
| v. | D.C. No. 2:16-cv-00242-FMO-JPR |
| STUART SHERMAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted August 6, 2018[**]
Pasadena, California

Before: CLIFTON and CALLAHAN, Circuit Judges, and HOYT,[***] District Judge.

---

[*]	This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]	The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]	The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

Rickey Ryan Williams appeals the district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2254. We affirm. The conclusion of the California Court of Appeal that sufficient evidence supported the gang enhancement was not objectively unreasonable.

The evidence was sufficient to support a finding that the crimes were committed in association with and for the benefit of the Inglewood 13 gang. *See* Cal. Penal Code § 186.22(b)(1). A jury could reasonably infer that the robberies were committed in association with the gang from the fact that all four perpetrators were members of the Inglewood 13. *See People v. Morales*, 5 Cal. Rptr. 3d 615, 632 (Ct. App. 2003). The expert witness testified that the robberies would have the effect of boosting the gang's reputation on the streets and increasing the status in which it was viewed by other gangs. *See People v. Abillar*, 255 P.3d 1062, 1073 (Cal. 2010) (holding that expert opinion is sufficient to support a gang enhancement). It was not unreasonable for a rational factfinder to conclude beyond a reasonable doubt that the robberies were committed in association with and for the benefit of the gang. *See Juan H. v. Allen*, 408 F.3d 1262, 1275 n. 13 (9th Cir. 2005). The jury was not required to draw that conclusion, but the evidence permitted it to do so.

There are no exceptional circumstances that exempt us from deferring to the state court's interpretation of state law. *See Bradshaw v. Richey*, 126 S. Ct. 602, 604 (2006). Williams was not convicted and sentenced for conduct that Cal. Penal Code § 186.22(b)(1) fails to criminalize. *See Fiore v. White*, 121 S. Ct. 712, 714 (2001). Nor did the state court apply an erroneous legal standard, such as shifting the burden of proof to Williams. *See Caliendo v. Warden of California Men's Colony*, 365 F.3d 691, 698 (9th Cir. 2004). Consequently, the state court interpretation of Cal. Penal Code § 186.22(b)(1) is binding on the court. *See Bradshaw*, 126 S. Ct. at 604.

**AFFIRMED.**